UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-6091-VALLE

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ARVIN JOSEPH MIRASOL,

     Defendant.

_____/

## DETENTION ORDER

On March 4, 2024, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Arvin Joseph Mirasol ("Defendant") should be detained prior to trial.[1] The Government orally moved to detain Defendant on the grounds that he presents both a danger to the community and a serious risk of flight. *See* 18 U.S.C. §§ 3142(e)(1), (f)(2)(A). Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's proffer, the testimony of the law enforcement agent, the facts contained in the Pretrial Services Report ("PSR"), and the arguments of counsel, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at future court proceedings or the safety of the community if Defendant is released prior to trial. Therefore, the Court orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

---

[1] The transcript of the proceeding is incorporated by reference.

1.      Defendant is charged by Complaint with production of child pornography, in violation of 18 U.S.C. § 2251(a), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  If convicted of production of child pornography, Defendant faces a mandatory minimum sentence of 15 years and a possible maximum statutory sentence of 30 years in prison. If convicted of possession of child pornography, Defendant faces a possible maximum statutory sentence of 20 years in prison.

2.      Because the offense involves production of child pornography, a rebuttable presumption exists that no condition or combination of conditions would reasonably assure Defendant's appearance or the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(E). Defendant offered no evidence to rebut this presumption.

3.      The evidence against Defendant is substantial.  At the detention hearing, the Government proffered evidence and a law enforcement agent testified that:

a.      On February 26, 2024, Royal Caribbean Cruise Line notified law enforcement that a stateroom attendant aboard the Symphony of the Seas had placed a camera in guests' bathrooms to record their activities while the ship was sailing in international waters.  The crewmember was identified as Arvin Joseph Mirasol, a citizen of the Philippines.

b.      On March 3, 2024, the Symphony of the Seas arrived at Port Everglades. Law enforcement officers boarded the vessel and were directed to Defendant.  Defendant relinquished his electronic devices to law enforcement, including an Android cellphone (IMEI 015734006047846), Sandisk Micro SD Memory Card, Transcend 8 GB Memory Card, camera, Sandisk USB Stick, and Apple watch (SN G99T34E2KDH2).

c.      Law enforcement conducted a border search and preliminarily reviewed Defendant's electronic devices.  During examination of Defendant's Sandisk USB Stick, law enforcement discovered numerous videos of naked women and minors.  Specifically, there were two videos of a girl (approximately 10 years old) undressing, showering, and drying herself in the bathroom.  At various points in the video, the child's vagina is clearly visible.

d.      During the forensic preview of Defendant's cellphone, law enforcement also reviewed Defendant's search history, which revealed searches for "hidden cameras," "teen on bed," "sweet cunts of teenagers," and "piss in public restrooms."

e.      After being advised of and waiving his *Miranda* rights, Defendant admitted to having taped a video camera in various guests' bathrooms.  Defendant worked as a stateroom attendant on Symphony of the Seas since December 2023.  As a stateroom attendant, Defendant cleaned and serviced guests' cabins.  Defendant explained that he would hide a camera in the bathroom and, upon retrieving the camera and viewing the videos, "pleasure himself and masturbate."  Defendant stated, "I want to control it, but I can't."

f.      Defendant told law enforcement that he selected into which bathroom to install a camera based on whether he "liked" the person in the stateroom.  Defendant further explained he selected females approximately 16 years old and older.  Defendant stated that he knew recording underage girls was illegal.  Additionally, Defendant admitted that while guests were taking a shower, he would secretly enter their staterooms and hide under the bed, using his cellphone to record them while they were naked.

4.      Defendant's history and personal characteristics also support pretrial detention. The Court incorporates and makes part of this Order the facts contained in the PSR. Defendant has no status in the United States and substantial ties to the Philippines. Defendant was born in the Philippines, and his family resides there. Moreover, given the lengthy term of imprisonment Defendant faces if convicted, Defendant may flee to his home country to avoid prosecution. Thus, Defendant presents a serious risk of flight.

5.      Based on the above findings of fact, the nature of the charged offenses, and the overall weight of the evidence, the Court finds by a preponderance of the evidence that no conditions or combination of conditions will reasonably assure Defendant's appearance in this case if Defendant is released prior to trial. Moreover, given Defendant's admission to hiding under guests' beds, the Court also finds clear and convincing evidence that Defendant poses a danger to the community.

Accordingly, the Court hereby directs that:

a.      Defendant be detained without bond;

b.      Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

c.      Defendant be afforded reasonable opportunity for private consultation with his counsel; and

d.      On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is

4

confined, deliver Defendant to a United States Marshal for the purpose of appearance in

connection with court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on March 7, 2024.

_____

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:    Pretrial Services
       U.S. Marshals Service
       All Counsel of Record