# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 23, 2025

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

**FILED BY___JG___D.C.**

**Jul 23, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  24-13022-CC
Case Style: USA v. Arvin Mirasol
District Court Docket No: 0:24-cr-60046-MD-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13022

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARVIN JOSEPH MIRASOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60046-MD-1

_____

JUDGMENT

2                                                                          24-13022

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 24, 2025

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: July 23, 2025

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-13022

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARVIN JOSEPH MIRASOL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60046-MD-1

————————————————

Before NEWSOM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Arvin Joseph Mirasol appeals his 360-month sentence for production of child pornography.  He argues that the district court imposed a procedurally and substantively unreasonable sentence because it failed to properly consider the need to avoid unwarranted sentence disparities.  The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case.  After carefully considering the record and the parties' arguments, we affirm.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (citation modified).  "First, we look at whether the district court committed any significant procedural error, such as . . . failing to consider the 18 U.S.C. § 3553(a) factors . . . ." *Id.*  "Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances and in light of the § 3553(a) factors." *Id.*  "Because [Mirasol] did not object at the sentence hearing, however, we review the alleged error only for plain error." *United States v. Waters*, 937 F.3d 1344, 1358 (11th Cir. 2019); *see* Tr. of Sentencing at 17:17–20, Dkt. No. 49 (Mirasol, through counsel, expressly not objecting to his sentence at his sentencing hearing).  "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously

24-13022                Opinion of the Court                3

affects the fairness, integrity or public reputation of judicial pro-
ceedings." *Waters*, 937 F.3d at 1359 (citation modified).  Here, the
district court did not commit procedural or substantive error—let
alone plain error.

    *First*, procedural reasonableness.  "When reviewing for pro-
cedural reasonableness, we ensure that the district court:
(1) properly calculated the Guidelines range; (2) treated the Guide-
lines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors;
(4) did not select a sentence based on clearly erroneous facts; and
(5) adequately explained the chosen sentence."  *United States v.
Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).  "In general, the dis-
trict court is not required to state on the record that it has explicitly
considered each of the § 3553(a) factors or to discuss each of the
§ 3553(a) factors."  *United States v. Sanchez*, 586 F.3d 918, 936 (11th
Cir. 2009) (citation modified).  "It is sufficient that the district court
considers the defendant's arguments at sentencing and states that
it has taken the § 3553(a) factors into account."  *Id.*

    Mirasol argues that the district court "imposed a procedur-
ally unreasonable sentence" because (1) "it failed to properly con-
sider the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty of sim-
ilar conduct as required by 18 U.S.C. § 3553(a)" and (2) "the Sen-
tencing Commission's statistics clearly demonstrate that the sen-
tence imposed created such an unwarranted sentence disparity in
violation of 18 U.S.C. § 3553(a)."  Br. of Appellant at 9.  His brief
points to two reports from the United States Sentencing

4                    Opinion of the Court                    24-13022

Commission.  *See* United States Sentencing Comm'n, *Special Report to Congress: Federal Child Pornography Offenses* (Dec. 2012) (2012 Report); United States Sentencing Comm'n, *Federal Sentencing of Child Pornography: Production Offenses* (Oct. 2021) (2021 Report).

Mirasol is correct that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is one of the § 3553(a) factors the district court must consider.  *See* 18 U.S.C. § 3553(a)(6).  But the district court did properly consider this factor.  First, as explained above, as a procedural matter, the district court need do no more than "state[] that it has taken the § 3553(a) factors into account." *Sanchez*, 586 F.3d at 936.  The district court did more than that here, explicitly stating that it had "considered the need to avoid unwarranted sentencing disparities."  Tr. of Sentencing at 14:7–8.  Second, the court was not required to consider the reports that Mirasol discusses on appeal, especially because he did not bring those reports to the attention of the court below.  In *Cubero*, which we issued after the 2012 Report, we held that the report "does not heighten the district court's statutory duty to state the reasons for imposing a particular sentence."  754 F.3d at 901.  Instead, we held that our precedent remained unchanged—"namely, that a district court's decision to apply the guidelines to a particular case does not necessarily require lengthy explanation."  *Id.* (collecting cases) (citation modified).  So, too, with the 2021 Report.

*Second*, substantive reasonableness.  "A district court abuses its considerable discretion and imposes a substantively

24-13022          Opinion of the Court          5

unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation modified). "We will vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015) (citation modified). And we "commit[] to the sound discretion of the district court the weight to be accorded to each § 3553(a) factor." *Id.* "A well-founded claim of disparity [] assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (citation modified). And a district judge that "correctly calculate[s] and carefully review[s] the Guidelines range [] necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities." *Gall v. United States*, 552 U.S. 38, 54 (2007).

Although the header in Mirasol's brief portrays his challenge as purely procedural, much of his briefing focuses explicitly on the alleged substantive unreasonableness of his sentence. Again, he focuses on sentence disparities. Pointing to the 2021 Report, he highlights (1) that "[t]he majority of child pornography production offenders sentenced under § 2G2.1 (57.2%) received a variance below the guideline range under 18 U.S.C. § 3553(a)"; (2) that the average sentence for production offenders was 275 months in 2019; and (3)

6                          Opinion of the Court                    24-13022

that more than 80 percent of child-pornography-production cases in 2019 involved sexual contact, many involved incapacitation, coercion, enticement, or misrepresentation, and some involved violence or threatened violence. *See* Br. of Appellant at 13–14 (citing 2021 Report at 21, 22, 35, 37–38).

We are not persuaded. *Cubero*, again, is relevant. There, we held that the 2012 Report "(1) does not alter the district court's duties to calculate the advisory guidelines range and to impose a sentence after considering the § 3553(a) factors, (2) does not limit the district court's discretion to determine what weight to give to each § 3553(a) factor, and (3) does not require the district court to vary from the § 2G2.2–based guidelines range." *Cubero*, 754 F.3d at 900. And our precedent is clear that correctly calculating the Guidelines range is enough, by itself, to give proper consideration to the need to avoid sentence disparities. *See Gall*, 552 U.S. at 54. Here, Mirasol does not argue that the district court improperly calculated his Guidelines range. And 360 months—while being the statutory maximum term he could receive—was also at the very bottom of his Guideline imprisonment range.

Moreover, and in any event, the statistics Mirasol cites do not represent similarly situated defendants and therefore don't present an apples-to-apples comparison. *See Docampo*, 573 F.3d at 1101. While Mirasol's description of the statistics is accurate, it is incomplete. The 2021 Report also explained that the majority of child-pornography-production cases in 2019 involved a single victim (and only 11.3% of cases involved more than four victims), *see*

24-13022                Opinion of the Court                7

2021 Report at 27, far fewer than the 13 minor victims in Mirasol's case. The report also explained that the average sentence for production offenders who victimized toddlers was 330 months, *see id.* at 46, which is much closer to the 360 months that Mirasol—whose victims included a two-year-old—received. Given the age and number of Mirasol's victims, the statistics he cites do not concern similarly situated defendants. And as the statistical comparators become more similar to him, their average sentences rise to a similar level. Therefore, Mirasol's sentence does not "lie[] outside the range of reasonable sentences dictated by the facts of the case." *Perkins*, 787 F.3d at 1342.

For the reasons above, we **AFFIRM** Mirasol's sentence.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 24, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  24-13022-CC
Case Style:  USA v. Arvin Mirasol
District Court Docket No:  0:24-cr-60046-MD-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing must include a Certificate of Interested Persons**. See 11th Cir. R. 40-3.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
|---|---|---|---|
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion